# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | CR 116-078 |
| | * | (Mags. Case No. MJ 116-029) |
| | * | |
| JONATHAN HURWITZ, | * | |
| | * | |
| Defendant. | * | |

## O R D E R

Before the Court is Defendant's "Appeal of Magistrate's Detention Order." (Doc. 6.)

On September 15, 2016, a criminal complaint was issued against Defendant Lt. Col. Jonathan Hurwitz charging violation of 18 U.S.C. §§ 2252A(a)(2) and (a)(5)(B), which prohibit the receipt, transportation, and distribution of child pornography as well as the possession and access with the intent to view child pornography, respectively. (MJ 116-029 Docket, Doc. 8.) On September 16, 2016, Defendant appeared before the United States Magistrate Judge for his initial appearance and detention hearing. Defendant was represented at the detention hearing by Peter D. Johnson, Esq. At the conclusion of the September 16, 2016 hearing, the Magistrate Judge ordered that Defendant be detained pending further proceedings upon finding that Defendant had failed to rebut the presumption that no condition or combination of conditions would reasonably assure the safety of

another person or the community. See 18 U.S.C. § 3142. On September 19, 2016, the Magistrate Judge entered a formal Order of Detention Pending Trial.[1] (MJ 116-029 Docket, Doc. 15.) On October 4, 2016, a grand jury in this district returned an Indictment charging Defendant with one count of possession of child pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B). (Doc. 2.) On October 6, 2016, Defendant filed his instant Appeal of Magistrate Judge's Order pursuant to 18 U.S.C. § 3145(b), thereby seeking review by this Court of the Magistrate Judge's Order of Detention. (Doc. 6.)

A district court must promptly review *de novo* the propriety of a magistrate judge's pretrial detention order when requested. United States v. Hurtado, 779 F.2d 1467, 1480 (11th Cir. 1985). This requires the district court to "exercise independent consideration of all facts properly before it and to include written findings of fact and a written statement of the reasons for the detention." United States v. Gaviria, 828 F.2d 667, 670 (11th Cir. 1987) (citing Hurtado, 779 F.2d at 1480-81). Upon a *de novo* review of the Magistrate Judge's Order of Detention Pending Trial, the Court finds that the Magistrate Judge did not err in ordering Defendant detained pending further proceedings

---

[1] In its Order of Detention Pending Trial, the Magistrate Judge found "detention is necessary in light of the following: (1) the presumption of detention triggered by the charges under 18 U.S.C. §§ 2252A(a)(2) of receiving and distributing child pornography; (2) the strength of the evidence against Defendant, including his reported confession of being sexually attracted to female children and the images of child pornography in his possession; and (3) the danger to female children in the community inherent in the release of any defendant facing these allegations." (Doc. 15, at 2.)

2

and further finds by clear and convincing evidence that Defendant poses a serious risk to the safety of other persons and the community and that no combination of conditions will reasonably assure that safety.

Defendant did not contest that, at the time of the hearing, there was probable cause to believe that Defendant committed a crime in violation of 18 U.S.C. §§ 2252A(a)(2) and/or (a)(5)(B). Accordingly, a statutory presumption arose "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e); see also Hurtado, 779 F.2d at 1479. This presumption is subject to rebuttal by Defendant, who "carries the burden of production to come forward with evidence to rebut the presumptions." See United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990); see also United States v. King, 849 F.2d 485, 488 (11th Cir. 1988) ("This statutory presumption imposes only the burden of production on King and does not shift the burden of persuasion concerning risk of flight and dangerousness.").

In determining whether the presumptions of dangerousness and flight are rebutted, the Court considers: (1) the nature and circumstances of the crime charged (including whether the offense is a crime of violence); (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including, *inter alia*, their personal character,

3

mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history of drug or alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. See 18 U.S.C. § 3142(g); see also United States v. Wingo, 490 F. App'x 189, 191 (11th Cir. 2012). Even if Defendant introduces rebuttal evidence, the presumption of detention "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relative to factors listed in section 3142(g)." See Quartermaine, 913 F.2d at 916 (quotations and citations omitted). As the Government sought to detain Defendant based on the contention that he poses a danger to the community, it must show by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. See 18 U.S.C. § 3142(f); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Defendant argues that he is neither a danger to the community nor a substantial flight risk. He is a high ranking officer in the United States Army with twenty years of service. He is presently employed as a Finance and Acquisitions officer stationed at Fort Gordon. He has a spouse and two young children. No evidence was introduced regarding any criminal history. Defendant also states that, at the time of his instant arrest, he was cooperative with law enforcement officers and

4

admitted to wrongdoing. Defendant argues that lesser restrictions, such as release on conditions (including pretrial services supervision, computer use restrictions and monitoring, "no-contact" provisions, and GPS monitoring), would ensure Defendant's appearance and the safety of the community.

Upon review, however, the majority of the factors to be considered by the Court counsel against pretrial release. Defendant was charged with receiving, transporting, distributing, and possessing child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (a)(5)(B), both of which are considered "crimes of violence." See 18 U.S.C. § 3156(a)(4)(c). He has subsequently been indicted for possession of prepubescent child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). His crimes targeted prepubescent children, a particularly vulnerable segment of the community. (MJ 116-028 Docket, Hearing Transcript, Doc. 22, at 19.) He faces a significant period of incarceration and loss of any status or prestige he held if convicted. He has lived at his present address for less than a year. (Id.) While he lives with his family, two members of that family, as minor children, are potential (and particularly vulnerable) victims of Defendant's conduct. (Id. at 27.) Moreover, the community in which Defendant presently resides is home to a number of young children and a bus stop for their school is located in Defendant's front yard. (Id. at 29.)

The evidence against Defendant is also very strong and the risk posed by Defendant to his community and others upon release is substantial. He has allegedly confessed to wrongdoing and the Government has proffered evidence that the offending materials that form the basis of the charges against Defendant were obtained from Defendant's computers and other electronic devices. (Id. at 15-22.) While no evidence was introduced of past criminal convictions, evidence was introduced that Defendant's conduct was not an isolated event; Defendant has allegedly engaged in receiving, distributing, and/or possessing child pornography since June or July 2016, has downloaded at least 109 separate offending computer files containing distinct pieces of offending materials, and has allowed numerous third parties to download (via a peer-to-peer file sharing network) said offending materials from his computer during that time. (Id. at 17, 19-21.) There is no allegation that Defendant's receipt, distribution, or possession of offending materials was inadvertent or unintended; rather, Defendant has allegedly admitted to law enforcement officers that he purposefully sought out prepubescent child pornography with targeted search strings on numerous occasions. (Id. at 19-20.) He has purposefully attempted to wipe traces of his conduct and offending materials from his electronic devices in an attempt to evade detection. (Id. at 21-22.) Moreover, Defendant is capable of engaging in the same or similar conduct from nearly any internet-enabled

6

device and it would be nearly impossible to prevent Defendant's unmonitored access to such outlets in an age of ubiquitous internet access and inexpensive computing technology.

Based upon the charges and related evidence proffered by the Government, the issue is not only Defendant's potential abuse of children and his interaction with children if released, but also his ability if released to attempt to possess additional child pornography or to communicate and interact with others involved in the possession, receipt and distribution of child pornography. While Defendant proposes various conditions of release that may reduce Defendant's likelihood of engaging in illegal conduct during the pendency of this matter, such as GPS monitoring and computer restrictions, the Court finds that these conditions would be nigh impossible to enforce. Even if the Court were to order home detention and electronic monitoring, Defendant would still have the ability to access phones or computers which could be used for the types of illicit activities described above. Indeed, Defendant could obtain a mobile electronic device capable of unmonitored internet access at a corner convenience store. As such, there are no conditions which can reasonably assure the safety of the community and others under the particular circumstances of this case if Defendant is released.

The favorable information stressed by Defendant does not outweigh the factors that indicate he is a danger to the

community, and Defendant has failed to overcome the presumption that alternative conditions are insufficient to assure the safety of the community or others. Accordingly, upon consideration of the factors in 18 U.S.C. § 3142(g), particularly noting the nature of the offense charged, the weight of the evidence against Defendant, and the nature and seriousness of the danger posed to the community and others, detention is necessary to ensure the safety of the community as contemplated in 18 U.S.C. § 3142(e).

IT IS **ORDERED** that Defendant shall remain detained pending further proceedings and shall remain committed to the custody of the Attorney General or his designated representative for confinement in a jail or detention facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States, the person in charge of the jail or detention facility shall deliver Defendant to the United States Marshal for the purpose of appearing at court proceedings. This Order follows and incorporates by reference the findings and conclusions made at the conclusion of the September 15, 2016 hearing and set forth in the Magistrate Judge's Order of Detention Pending Trial.

**ORDER ENTERED** at Augusta, Georgia this 13th day of October, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA